IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **KIM GUERRERO**, on behalf of herself and all other similarly situated persons, | ) <br> ) CASE NO. _____ <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) **COLLECTIVE AND CLASS ACTION** <br> ) **COMPLAINT** <br> ) |
| **STELLANTIS N.V.**, | ) **JURY DEMAND ENDORSED HEREON** <br> ) |
| – and – | ) <br> ) |
| **STELLANTIS FOUNDATION**, | ) <br> ) |
| – and – | ) <br> ) |
| **STELLANTIS US LLC**, | ) <br> ) |
| – and – | ) <br> ) |
| **FCA US LLC**, | ) <br> ) |
| Defendants. | ) |

Plaintiff Kim Guerrero files this Complaint against Defendants Stellantis N.V., Defendants Stellantis Foundation, and Defendants Stellantis US LLC (collectively Defendants Stellantis), and against Defendants FCA US LLC (Defendants FCA),[1] seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. (FLSA); Ohio Revised Code (O.R.C.) §4111.03(D) (Ohio Overtime Law), O.R.C. § 4113.15 (OPPA), and O.R.C. § 2307.60.[2] The following allegations are based on personal knowledge of Plaintiff's own conduct, and upon information and belief as to the conduct and acts of others:

---

[1] Defendant Stellantis and Defendant FCA will be collectively referred to as Defendants.

[2] The Ohio Overtime Law and OPPA will be collective referred to as the Ohio Wage Laws.

1

## I.     INTRODUCTION

1. This case challenges policies and practices of Defendants that violate the FLSA and Ohio law.

2. Plaintiff brings this case as a collective action on behalf of herself and other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. § 216(b) (the Opt-Ins).

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and others like her who worked for Defendants in Ohio and suffered the same harms described below.

## II.     JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

6. The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## III.  PARTIES

### A. Plaintiff

7. At all times relevant, Plaintiff has been a citizen of the United States and employed by Defendants within this district and division. Plaintiff's written consent to join is attached as Exhibit A.

8. At all times relevant, Plaintiff worked at Defendants' Streetsboro, Ohio location as a "picker" from approximately early-November 2020 through approximately mid-January 2021.

9. Plaintiff's hourly rate was approximately $15.85.

### B. Defendants FCA

10. During relevant times and according to its website, Defendants FCA "designs, manufactures, and sells or distributes vehicles under the Chrysler, Dodge, Jeep®, Ram, FIAT and Alfa Romeo brands, as well as the SRT performance designation. The Company [Defendants FCA] also distributes Mopar and Alfa Romeo parts and accessories."[3]

11. Defendants FCA can be served through the registered agent: CT Corporation System, at 4400 Easton Commons Way, Suite 125, Columbus, OH 43219.

12. During all times relevant times, FCA US LLC is or was a Delaware limited liability company registered to do business in Ohio. "FCA" stands for "Fiat Chrysler Automobiles."[4]

### C. Defendants Stellantis

---

[3] https://media.stellantisnorthamerica.com/newsrelease.do?id=866&mid (last viewed 2/12/21).

[4] FCA US LLC also has registered with the State of Ohio the trade name "Dundee Engine Plant."

3

13. On January 16, 2021, FCA US LLC merged with Peugeot S.A. and the combined company was renamed "Stellantis."[5]

14. The Corporate Seat of Stellantis NV is situated in Amsterdam (The Netherlands) and its Corporate Office is in Lijnden (The Netherlands).[6]

15. While the merger has been announced, the relevant corporate filings with the states of Ohio, Delaware, and Michigan appear to not yet be complete. For example, CT Corporation filed two name reservations with the Michigan Secretary of State's office: "Stellantis Foundation"[7] and "Stellantis US LLC".[8]

16. Defendants Stellantis N.V. and Defendants Stellantis US LLC can be served through the registered agent: CT Corporation System, at 4400 Easton Commons Way, Suite 125, Columbus, OH 43219.

17. Defendants Stellantis Foundation can be served through the registered agent: CT Corporation System, at 40600 Ann Arbor Rd E STE 201, Plymouth, MI 48170.

**D. Defendants as Employers (Pre-Merger / Joint Employment)**

18. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

---

[5] https://media.stellantisnorthamerica.com/newsrelease.do?id=22463&mid=1310 (last viewed 2/12/21).

[6] https://www.stellantis.com/en/legal-notes (last viewed 2/12/21).

[7] https://cofs.lara.state.mi.us/CorpWeb/CorpSearch/CorpSummary.aspx?ID=802596135&SEARCH_TYPE=3&CanReturn=True (last viewed 2/15/21).

[8] https://cofs.lara.state.mi.us/CorpWeb/CorpSearch/CorpSummary.aspx?ID=802596128&SEARCH_TYPE=3&CanReturn=True (last viewed 2/15/21).

19. For the period of time before completion of the merger (Relevant Pre-merger Period), Defendants were individually and jointly "employers" within the meaning of the FLSA and the Ohio Wage Laws.

20. During the Relevant Pre-merger Period, Plaintiff and those similarly situated were "employees" of Defendants.

21. During the Relevant Pre-merger Period, Defendants individually and jointly comprised an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203(s)(1). For example, as early as December 18, 2019, Defendants were taking "major step[s] as they move[d] toward[s] the completion of their 50:50 merger as defined in the Combination Agreement announced on December 18, 2019," and on July 15, 2020, announced "the corporate name of the new group" as Stellantis. During this time, "the senior management of both companies have been closely involved throughout."[9]

22. During the Relevant Pre-merger Period, Defendants operated as a joint enterprise.

23. During the Relevant Pre-merger Period, Defendants jointly employed Plaintiff and those similarly situated as non-exempt hourly employees.

24. During the Relevant Pre-merger Period, Defendants shared operational control over significant aspects of the day-to-day functions of Plaintiff and others similarly situated, including supervising and controlling schedules and conditions of employment.

25. During the Relevant Pre-merger Period, Defendants shared authority to hire, fire and discipline employees, including Plaintiff and others similarly situated.

---

[9] https://media.stellantisnorthamerica.com/newsrelease.do?id=21863&mid=1310 (last viewed 2/12/21).

5

26. During the Relevant Pre-merger Period, Defendants shared authority to set rates and methods of compensation of Plaintiff and others similarly situated.

27. During the Relevant Pre-merger Period, Defendants shared control and maintenance of employment records.

28. During the Relevant Pre-merger Period, Defendants have mutually benefitted from the work performed by Plaintiff and others similarly situated.

29. During the Relevant Pre-merger Period, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff and others similarly situated.

30. During the Relevant Pre-merger Period, Defendants shared the services of Plaintiff and others similarly situated.

31. During the Relevant Pre-merger Period, Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and others similarly situated.

E. **Defendants as Employers (Post-Merger / Successor Liability)**

32. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

33. For the period of time after completion of the merger (Relevant Post-merger Period), Defendants were and/or are individually and/or jointly "employers" within the meaning of the FLSA and the Ohio Wage Laws.

34. During the Relevant Post-Merger Period, the imposition of successor liability is equitable. For example, Defendants Stellantis expressly or impliedly agreed to assume the liabilities of Defendants FCA, Defendants Stellantis came into existence through a merger, and Defendants Stellantis is merely a continuation of Defendants FCA.

35. During the Relevant Post-Merger Period, Defendants Stellantis had notice of Plaintiff's potential collective and class claims. For example, the paystubs of Plaintiff and those similarly situated are labeled with "FCA" and "Fiat Chrysler Automobiles."

36. During the Relevant Post-Merger Period, Defendants Stellantis has had the ability to provide relief to Plaintiff and those similarly situated. For example, Defendants Stellantis publicly states that it is "a leading global mobility player," that its "strength lies in the breadth of [its] iconic brand portfolio . . . [and its] 400,000 people," that it "offer[s] a full spectrum of choice from luxury, premium and mainstream passenger vehicles to pickup trucks, SUVs and light commercial vehicles, as well as dedicated mobility, financial, and parts and service brands," and that it is "a truly global organization . . . "[w]ith industrial operations in 30 countries and a commercial presence in more than 130 markets".[10]

37. During the Relevant Post-Merger Period, Defendants Stellantis has used the same locations of operation (which total at least 50), has used the same or substantially the same workforce, and the same machinery, equipment and methods of production as Defendants FCA. Additionally, the same jobs exist under substantially the same working conditions.[11]

38. During the Relevant Post-Merger Period, there has been substantial continuity of business operations between Defendants Stellantis and Defendants FCA. For example, the Ohio Secretary of State still lists FCA US LLC as "Active", and as recently as February 9, 2021, "Stellantis Chairman John Elkann and CEO Carlos Tavares toured the Detroit Assembly Complex

---

[10] *See* https://www.stellantis.com/en/group/overview (last viewed 2/13/21).

[11] *See* https://careers.fcagroup.com/job-search-results/?primary_country=US and https://www.facebook.com/pg/StellantisNA/about/?ref=page_internal (last viewed 2/13/21). *See also* https://media.stellantisnorthamerica.com/newsroom.do?id=270&mid=430 (reflected FCA news from 2019) (last viewed 2/13/21).

– Mack and Jefferson plants to meet with employees and get a firsthand look at those operations", which "mark[ed] their first North American visit since the Stellantis merger was completed last month and is an important step in moving the new organization forward."[12]

39. During the Relevant Post-Merger Period, Defendants Stellantis has used the same or substantially same supervisory personnel.[13]

40. During the Relevant Post-Merger Period, Defendants Stellantis produces the same products as Defendants FCA.[14]

### Regular Rate Violations Resulting in Unpaid Overtime

41. Plaintiff and those similarly situated regularly worked more than 40 hours per workweek, entitling them to overtime compensation under the FLSA and the Ohio Overtime Law.

42. In addition to their hourly wages, Plaintiff and others similarly situated were paid additional non-discretionary compensation including, but not necessarily limited to, "Shift Premium" and "Excess" Pay" that was not included in their regular rates for the purposes of calculating overtime compensation.

43. As a result, Defendants did not pay Plaintiff and those similarly situated all of the overtime compensation that they earned at one and one-half times their properly calculated regular rates for hours worked in excess of 40 in a workweek.

44. Defendants willfully violated the FLSA and the Ohio Wage Laws by failing to pay Plaintiff and those similarly situated all overtime compensation earned as described herein.

---

[12] *See* https://media.stellantisnorthamerica.com/newsrelease.do?id=22512&mid=1310 (last viewed 2/13/21).

[13] *Id. See also* titles such as "supervisors" and "managers" at https://careers.fcagroup.com/job-search-results/?primary_country=US.

[14] *See* "Brands" under Main Menu of https://www.stellantis.com/en (last viewed 2/13/21).

## IV. COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46. Plaintiff brings this case as a "collective action" pursuant to 29 U.S.C. § 216(b) on behalf of the following collective:

> **All present and former hourly employees employed by Defendants who worked more than 40 hours in a workweek, and who were paid additional compensation, including but not necessarily limited to, "Shift Premium" and "Excess" Pay", during the period three (3) years preceding the commencement of this action through its final disposition ("FLSA Collective")**.

47. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were hourly employees of Defendants, and all were subjected to and injured by Defendants' unlawful practices of failing to pay them all overtime earned at the correctly calculated regular rate.

48. The FLSA Collective Members have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

49. Conditional certification of this case as a collective action pursuant to 29 U.S.C. §216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

50. Plaintiff cannot yet state the exact number of similarly situated persons but estimates up to approximately 40 or more similarly situated employees worked at her location alone during the relevant time period. Such persons are readily identifiable through the payroll records that Defendants are presumed to have maintained and were required to maintain pursuant to the FLSA and Ohio law.

51. To the extent Defendants failed to keep records as required by law, Plaintiff and those similarly situated are entitled to a reasonable estimate of hours worked.

### V. OHIO RULE 23 CLASS ACTION ALLEGATIONS

52. Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and the following class:

> **All present and former hourly employees employed by Defendants in Ohio who worked more than 40 hours in a workweek, and who were paid additional compensation, including but not necessarily limited to, "Shift Premium" and "Excess" Pay", during the period two (2) years preceding the commencement of this action through its final disposition**

53. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Class, which will be in Defendants' records if kept, but estimates up to approximately 40 or more similarly situated employees worked at her location alone within the relevant time period.

54. There are questions of law or fact common to the Ohio Class including: whether Defendants failed to include additional compensation into the regular rate for purposes of calculating overtime and whether such underpayment of overtime wages remain unpaid. This will be easily identifiable from paystubs.

55. Plaintiff will adequately protect the interests of the Ohio Class Members. Her interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class Members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

56. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine

Defendants' liability to the class are common to each class as a whole and predominate over any questions affecting only individual class members.

57. Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class Members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class Members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### VI. FLSA and OHIO CLAIMS

#### COUNT ONE
#### (Violations of the FLSA)

58. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

59. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the Opt-Ins who will join this case pursuant to 29 U.S.C. § 216(b).

60. Defendants were covered by the FLSA and the FLSA Collective Members were not exempt from the protections of the FLSA.

61. The FLSA requires that non-exempt employees be paid at a rate of one and one-half times their regular rate for every hour worked in excess of 40 in a workweek.

62. The FLSA requires that additional non-discretionary compensation be included into the regular rate unless otherwise statutorily excepted. The additional pay received by Plaintiff and those similarly situated, including but not necessarily limited to, "Shift Premium" and "Excess"

Pay", constituted non-discretionary compensation that was required to be included into the regular rate for the purposes of calculating overtime compensation.

63. Defendants had a companywide policy of not including the additional compensation into the regular rates of Plaintiff and those similarly situated which resulted in the underpayment of overtime compensation earned for hours worked in excess of 40 in a workweek.

64. Defendants knew or should have known that their conduct described herein violated the law. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

65. As a result of Defendants' individual and joint violations of the FLSA, Plaintiff and those similarly situated were injured in that they did not receive all overtime compensation due to them. Section 16(b) of the FLSA entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 16(b) of the FLSA further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

66. As a result of Defendants' practices, Plaintiff and the FLSA Collective Members have been harmed in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

## COUNT TWO
### (Ohio Overtime and OPPA - Class Violations)

67. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

68. Ohio law requires employers to pay overtime in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C. §§ 207, 213, as amended; and O.R.C. § 4111.03(A).

69. Accordingly, the Ohio Overtime Law requires that additional, non-discretionary compensation be included into the regular rate unless otherwise statutorily excepted. The additional compensation paid to Plaintiff and the Ohio Class Members was required to be included into the regular rate for the purposes of calculating overtime compensation.

70. Defendants are individual and joint "employers" covered by the overtime requirements set forth in the Ohio Wage Laws.

71. The Ohio Overtime Law requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates.

72. As employees of Defendant, Plaintiff and the Ohio Class Members work or worked more than 40 hours in a workweek but were not paid all overtime compensation earned for hours worked in excess of 40.

73. Defendants had a companywide policy of not including the additional compensation into the regular rates of Plaintiff and the Ohio Class Members which resulted in the underpayment of overtime compensation earned for hours worked in excess of 40 in a workweek.

74. Plaintiff and the Ohio Class Members are not exempt under the Ohio Wage Laws.

75. Defendants' practice and policy of not paying Plaintiff and the Ohio Class Members overtime compensation at one and one-half times their correctly calculated regular rate of pay for all hours worked over 40 each workweek violated the Ohio Overtime Law.

76. Additionally, the OPPA requires Defendants to pay Plaintiff and the Ohio Class Members all wages, including overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

77. During relevant times, Plaintiff and the Ohio Class Members were not paid all overtime wages earned within 30 days of performing the work. *See* O.R.C. § 4113.15(B).

78. Plaintiff's and the Ohio Class Members' earned overtime compensation remains unpaid for more than 30 days beyond their regularly scheduled payday.

79. The OPPA provides for liquidated damages in an amount equal to six percent (6%) of the amount of the claim still unpaid or two hundred dollars per pay period, whichever is greater.

80. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the Ohio Wage Laws.

81. As a result of Defendants' practices, Plaintiff and the Ohio Class members have been harmed in that they have not received wages due to them pursuant to the Ohio Wage Laws; and because wages remain unpaid, damages continue.

82. Pursuant to the Ohio Revised Code, Plaintiff is entitled to attorneys' fees and costs incurred.

## COUNT TWO
### (Damages Pursuant to O.R.C. § 2307.60)

83. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

84. As a result of Defendants' practices and policies, Plaintiff and those similarly situated have been harmed in that they have not received wages due to them pursuant to the FLSA.

85. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

86. By its acts and omissions described herein, Defendants have willfully violated the FLSA, and Plaintiff and those similarly situated have been injured as a result.

87. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

88. As a result of Defendants' willful violations of the FLSA, Plaintiff and Opt-in Plaintiffs who join and worked in Ohio are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as a "collective action" pursuant to 29 U.S.C. §216(b), and direct that Court-approved notice be issued to similarly situated individuals informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class Members;

C. Award Plaintiff, and the collective and class she represents, actual damages for unpaid wages, liquidated, exemplary, and punitive damages as provided under the FLSA and Ohio law;

D. Award Plaintiff, and the collective and class she represents, pre-judgment and/or post-judgment interest at the statutory rate;

E. Award Plaintiff, and the collective and class she represents, attorneys' fees, costs, and disbursements; and

F. Award Plaintiff, and the collective and class she represents, further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone: (614) 824-5770
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
       sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demand a trial by jury on all issues so triable.

*/s/ Robi J. Baishnab*
Counsel for Plaintiff